UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

DANIEL MELO,

Plaintiff,

v.

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Defendant.

Case No.5:26-cv-81-M

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the United States Department of Health and Human Services ("HHS"), by and through undersigned counsel, hereby responds to the separately numbered paragraphs and prayer for relief contained in Plaintiff's Complaint ("Complaint"). All allegations not specifically admitted are denied.

## DEFENDANT'S RESPONSE TO NUMBERED PARAGRAPHS

## INTRODUCTION AND BACKGROUND[1]

1. This paragraph contains Plaintiff's characterization of background information regarding congressional and agency activity that is not material to Plaintiff's FOIA claim, to which no response is required. To the extent that a response is deemed necessary, Defendant denies.

---

[1] For ease of reference, Defendants replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1

2. This paragraph contains Plaintiff's background information on agency activity and other litigation as reported in the news that is not material to Plaintiff's FOIA claim, to which no response is required. To the extent that a response is required, Defendant denies.

3. This paragraph contains Plaintiff's characterization of background information regarding agency activity that is not material to Plaintiff's FOIA claim, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the cited release for a full and accurate description and denies any inconsistency.

4. This paragraph contains Plaintiff's characterization of background information regarding agency activity that is not material to Plaintiff's FOIA claim, to which no response is required. To the extent that a response is required, Defendant denies.

5. This paragraph contains Plaintiff's characterization of agency activity that is not material to Plaintiff's FOIA, to which no response is required. To the extent that a response is required, Defendant denies.

6. This paragraph contains Plaintiff's characterization of agency activity that is not material to Plaintiff's FOIA, to which no response is required. To the extent that a response is required, Defendant denies.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

<u>**JURISDICTION AND VENUE**</u>

8. This paragraph contains Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that this Court has jurisdiction over FOIA actions in general.

9. This paragraph contains Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed necessary, Defendant lacks sufficient information to admit or deny this allegation, and, as such, the allegation is denied.

10. Defendant denies.

11. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed necessary, Defendant denies.

12. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed necessary, Defendant denies.

**PARTIES**

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

14. Defendant admits only that HHS is a federal agency.

15. This paragraph contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

3

## FACTS

16. This paragraph consists of characterizations of Plaintiff's FOIA request, to which no response is required. Plaintiff's FOIA request, attached as Exhibit A to Plaintiff's Complaint, is the best evidence of its contents. Defendant only admits that Plaintiff submitted a FOIA request on December 29, 2025, and that Defendant assigned the request number 2026-HHS-FOIA-001402 to it. Except as herein admitted, Defendant denies.

17. Defendant avers that as of the date of the complaint, Defendant has not made a determination of Plaintiff's FOIA request. Otherwise, denied.

18. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

19. Defendant admits.

20. Defendant admits.

21. Defendant admits.

22. Defendant denies.

23. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

24. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

## COUNT I

1. Defendant incorporates their responses to paragraphs 1 through 24 set forth above.

4

2.	This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

3.	This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT II

4.	Defendant incorporates their responses to paragraphs 1 through 24 set forth above.

5.	This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

6.	Defendant admits.

7.	This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

8.	This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

9.	Defendant denies.

10.	This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT III

11.	Defendant incorporates their responses to paragraphs 1 through 24 set forth above.

12.	This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

13. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

14. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

15. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

16. This paragraph contains conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## REQUESTED RELIEF

The remaining portions of Plaintiff's Complaint contain its request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## ADDITIONAL DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses:

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. Pursuant to FOIA, jurisdiction is limited to the district courts' authority to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

6

<strong>SECOND DEFENSE</strong>

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to FOIA. *See* 5 U.S.C. § 552(b).

<strong>THIRD DEFENSE</strong>

Plaintiff is neither eligible nor entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings. Accordingly, Defendant reserves the right to assert each and every defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

Respectfully submitted, this 25th day of March, 2026.

W. ELLIS BOYLE
United States Attorney

BY: */s/ Jonathan Silberman*
JONATHAN SILBERMAN
Assistant United States Attorney
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4487
Email: jonathan.silberman@usdoj.gov
N.C. Bar 64473
*Attorney for Defendant U.S. Department of Health and Human Services*

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have this 25th day of March, 2026, served a copy of

the foregoing upon the below-listed party by filing the same via CM/ECF:

Daniel Melo
The Melo Law Firm
920 Forrestville Road, Ste 100
Raleigh, NC 27616
dan@themelolawfirm.com

BY:   */s/ Jonathan Silberman*
JONATHAN SILBERMAN
Assistant United States Attorney
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC  27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4487
Email: jonathan.silberman@usdoj.gov
N.C. Bar 64473
*Attorney for Defendant U.S. Department of*
*Health and Human Services*

8